1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8   GREGORY WAYNE CAGE, JR,

9                        Plaintiff,                    Case No. C20-1063-RSL-MLP

10          v.                                         ORDER

11  TODD BOSHAW, et al,

12                       Defendants.

13

14          This is a civil rights action proceeding under 42 U.S.C. § 1983. This matter comes before

15  the Court on Plaintiff's "Motion for Discovery Evidentiary Hearing." (Dkt. # 9.) Plaintiff

16  requests in his motion that the King County Jail be compelled to provide him with audio and

17  video footage, Police CAD reports, abstract reports, medical reports, and witness statement

18  relating to his excessive force claim. (*Id.*) Plaintiff also requests production of all evidence for

19  "King County Claim Case No. # 63741," and that he have the opportunity to inspect and copy

20  that evidence. (*Id.*) It further appears Plaintiff requests the Court provide all records showing

21  dates, places, and times that the requested evidence was checked into or out of the evidence

22  department. (*Id.*) Defendants did not submit a response.

23

ORDER - 1

It is not clear if Plaintiff's motion is an initial request for discovery or a motion to compel discovery. Construing Plaintiff's motion either way, the motion is deficient. Pursuant to Rule 5(d)(1) of the Federal Rules of Civil Procedure, discovery requests and responses thereto, are not to be filed with the Court until they are to be used in the proceeding or until the Court orders that they be filed. If Plaintiff's motion is a discovery request, it does not appear he is seeking to use it in these proceedings at this juncture and the Court has not ordered that it be filed. Accordingly, Plaintiff's motion fails, and any discovery requests should be directed to Defendants.

Further, Rule 37(a)(1) of the Federal Rules of Civil Procedure requires that a party seeking to compel discovery include in the motion a certification that the moving party "has in good faith conferred or attempted to confer" with the party failing to make disclosures. LCR 37(a)(1) provides that "a good faith effort to confer with a party or person not making a disclosure or discovery requires a face-to-face meeting or a telephone conference." If Plaintiff's motion is a motion to compel discovery, his motion fails because he did not provide the requisite certification with his motion nor does it appear from the record that he ever requested a meeting with Defendants prior to filing his motion. The Court notes Plaintiff filed his motion on August 6, 2020, before Defendants entered a notice of appearance on August 21, 2020. (Dkt. # 17.)

Based on the foregoing, the Court hereby ORDERS that Plaintiff's motion for discovery evidentiary hearing (dkt. # 9) is DENIED. The Clerk is directed to send copies of this order to the parties and to the Honorable Robert S. Lasnik.

Dated this 3rd day of September, 2020.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 2