UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GREGORY WAYNE CAGE JR,

Plaintiff,

v.

TODD BOSHAW, et al.,

Defendants.

Case No. C20-1063 RSL-MLP

ORDER DENYING MOTION TO APPOINT COUNSEL

This is a 42 U.S.C. § 1983 prisoner civil rights action. Currently before the Court is Plaintiff's motion to appoint counsel.[1] (Dkt. # 10.) Plaintiff asserts the Court should appoint counsel because he has attempted to obtain representation but has been unable to do so due to a lack of funds. (*See id.*) Defendants did not oppose the motion. After careful consideration of the motion, the governing law, and the balance of the record, the Court finds that the complexity of the legal issues present in this case and Plaintiff's ability to articulate his claims do not constitute exceptional circumstances to justify the appointment of counsel. Plaintiff's motion for appointment of counsel (dkt. # 10) therefore is DENIED.

[1] The Court notes that the application submitted for court-appointed counsel is for a Title VII of the Civil Rights Act of 1964, U.S.C. § 2000e, *et seq*. action. Construing Plaintiff's submission as a request for court-appointed counsel in his 42 U.S.C. § 1983 prisoner civil rights action, Plaintiff's motion is denied for the reasons discussed below.

No constitutional right to counsel exists for an indigent plaintiff in a civil case unless the plaintiff may lose his physical liberty if he loses the litigation. *See Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981). Pursuant to 28 U.S.C. § 1915(e)(1), however, this Court has the discretion to appoint counsel for indigent litigants proceeding *in forma pauperis*. *United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995). The Court may appoint counsel only on a showing of "exceptional circumstances." *Id.*; *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn*, 789 F.2d at 1331. These factors must be viewed together before reaching a decision on a request for counsel under § 1915(e)(1). *Id.*

At this early stage of the litigation, the Court cannot determine whether Plaintiff is likely to prevail on the merits. The Court is fully aware of the seriousness of Plaintiff's allegations that he was subjected to excessive force, however, in the absence of more evidence to support his claims, it is unclear whether Plaintiff is likely to prevail on the merits. Plaintiff has also made it clear that he is fully capable of articulating his position. The claims in Plaintiff's complaint (dkt. # 4) have been presented in a manner demonstrating an adequate ability to articulate his claims *pro se*. In summary, Plaintiff has failed to show exceptional circumstances exist to appoint counsel.

Accordingly, the Court concludes that appointment of counsel is not appropriate at this time. Plaintiff will be free to move for appointment of counsel, if necessary, at a later date. The Clerk is directed to send a copy of this Order to plaintiff and to the Honorable Robert S. Lasnik.

Dated this 14th day of September, 2020.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER DENYING MOTION TO APPOINT COUNSEL - 3