UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GREGORY WAYNE CAGE, JR, <br><br> Plaintiff, <br><br> v. <br><br> TODD BOSHAW, *et al.*, <br><br> Defendants. | Case No. C20-1063-RSL-MLP <br><br> ORDER |

## I.  INTRODUCTION

This is a civil rights action brought under 42 U.S.C. § 1983. This matter comes before the Court on Defendants' motion for a protective order and motion to seal. (Mot. (Dkt. # 23).) Plaintiff did not file a response and Defendants did not file a reply. Having considered Defendants' submission, the balance of the record, and the governing law, the Court orders that Defendants' motion be GRANTED, in part, and DENIED, in part, as explained below.

## II.  BACKGROUND

Plaintiff, proceeding *pro se*, alleges that he was subjected to excessive force in violation of his Fourth and Eighth Amendment rights. (Compl. (Dkt. # 3) at 5.) Specifically, Plaintiff alleges that on September 4, 2019, he was transported from downtown Seattle to the Regional

ORDER - 1

Justice Center ("RJC") in Kent, Washington, and that upon arrival, he was dragged into the facility causing injury to his knee. (*Id.* at 5-6.) He also alleges this incident resulted in exposure of his genitals and a rebreaking of his leg. (*Id.* at 6.) He further alleges he was kneed in his ribs by an intake officer and refused medical attention. (*Id.*)

Defendants filed the instant motion for a protective order on October 5, 2020. (*See generally* Mot.) Defendants seek to prohibit Plaintiff from viewing the King County Correctional Facility ("KCCF") Jail surveillance videos of his booking on September 4, 2019 that Defendants intend on using as support for their motion for summary judgment. (*Id.*) Defendants also seek to file any videos from inside the KCCF in support of a dispositive motion under seal. (*Id.*) Defendants assert that King County Department of Adult and Juvenile Detention ("DAJD") operates a surveillance system throughout KCCF that records inmates upon their arrival, at booking, and in their cells and common areas to maintain security and safety within the jail. (Commander Clark Decl. (Dkt. # 24) at ¶ 3.) The cameras are located throughout the jail, and their positions are sometimes disguised and are not known to inmates. (*Id.* at ¶ 4.) The videos taken of Plaintiff on September 4, 2019 were taken from cameras located in the Sally Port area, the area between the Sally Port and intake, the transfer and release area, and the walkway to the holding cells area. (*Id.* at ¶ 5.) Defendants assert that the release of these videos would enable Plaintiff and potentially other inmates to learn the locations of cameras and would put inmates and jail staff at risk. (*Id.* at ¶ 6.)

Plaintiff is still incarcerated at the RJC as a pretrial detainee and therefore is not permitted to physically possess a medial storage device or player to review the videos. (*Id.* at ¶ 8.) Defendants therefore request the Court review the videos *in camera* when considering their

ORDER - 2

1  motion for summary judgment. (Mot. at 3-4.) Defendants propose that if the Court finds Plaintiff
2  is entitled to review the videos, he should be allowed only a supervised viewing. (*Id.* at 4.)

### III. DISCUSSION

At issue is whether a protective order should be entered restricting dissemination of video evidence to Plaintiff. Pursuant to Federal Rule of Civil Procedure 26(c)(1), a court may, for good cause, issue an order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Defendants explain that the release of the videos at issue to Plaintiff could jeopardize the security and safety of inmates, corrections officers, and the public. (Commander Clark Decl. at ¶ 6.) Defendants assert that awareness of camera positions inside KCCF creates a security and safety hazard by providing Plaintiff and potentially other inmates with knowledge regarding the angles of actions that could be recorded. (*Id.*)

The Court finds Defendants have detailed legitimate security concerns relating to the potential for distribution of the requested video footage, and therefore have met the good cause standard. Further, Plaintiff has not objected. However, because Plaintiff's claims directly relate to alleged excessive force during his transportation to, and booking at, the RJC, the Court finds Plaintiff should be permitted to view the videos without a prior *in camera* review by the Court. Defendants propose a viable alternative that would provide Plaintiff an opportunity to view, but not retain, the video footage. Specifically, Defendants' counsel, with the assistance of the King County DAJD staff, can facilitate a supervised viewing of the videos at issue. (Kinerk Decl. at ¶ 8.) The Court finds Defendants' proposal provides Plaintiff adequate access to the videos for purposes of litigating this case, while also mitigating security concerns surrounding disclosure of the videos. The Court therefore concurs with the proposed alternative plan.

Defendants also seek to file the videos under seal in support of a future motion for summary judgment. (Mot. at 8.) Defendants cite to Local Civil Rule 5(g)(2)(A) and assert that that due to the safety and security concerns discussed above, the videos should be filed under seal. (*Id.*) Local Civil Rule 5(g) provides a document should be filed under seal:

> (A) if a statute, rule, or prior court order expressly authorizes the party to file the document under seal; or
>
> (B) if the party files a motion or stipulated motion to seal the document before or at the same time the party files the sealed document. Filing a motion or stipulated motion to seal permits the party to file the document under seal without prior court approval pending the court's ruling on the motion to seal. The document will be kept under seal until the court determines whether it should remain sealed.

Here, the Court finds that the security and safety reasons detailed in Defendants' supporting declarations warrants allowing Defendants to file the videos under seal. Accordingly, should Defendants file the videos in support of a dispositive motion, they should be filed under seal.

### IV.   CONCLUSION

For the forgoing reasons, the Court hereby ORDERS as follows:

(1) Defendants' motion for a protective order and motion to seal (dkt. # 23) is GRANTED, in part, and DENIED, in part. Defendants shall arrange for Plaintiff to have supervised viewing of the video footage by the King County DAJD after Defendants file a motion for summary judgment, for the limited purpose of responding to the motion for summary judgment. Plaintiff may view the contents of the video as reasonably necessary to prepare his defense of the motion for summary judgment and to prosecute his case while taking into account legitimate penological constraints, but not retain or possess a copy. The videos will not be otherwise, released to the public.

ORDER - 4

(2) To the extent Defendants seek to file the King County DAJD Jail videos of Plaintiff's booking into the KCCF on September 4, 2019, they are authorized and required to file such videos under seal pursuant to the terms of LCR 5. Defendants shall submit a copy of the video to the Court by the dispositive motion filing deadline and will be available to be used by any party in any dispositive motion, or in response to a dispositive motion.

(3) The Clerk is directed to send copies of this order to the parties and to the Honorable Robert S. Lasnik.

Dated this 21st day of October, 2020.

_____
MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 5